**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBLOX CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>    Defendants.    Case No. 26-cv-05185 | Application **GRANTED**. The Court finds the documents are "judicial documents" to which a high presumption of public access attaches. *Mirlis v. Greer*, 952 F.3d. 51, 58 (2d Cir. 2020). "[S]ealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). In light of the ex parte nature of the relief properly sought by Plaintiff, the Court is satisfied that higher interests overcome the presumption of public access, so as to justify temporary sealing of the documents in question, *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022), subject to the conditions of the temporary restraining order, ECF No. 18. The Clerk of Court is respectfully directed to terminate ECF No. 11.<br><br>SO ORDERED.<br><br>Dated: June 24, 2026        Dale E. Ho<br>New York, New York        United States District Judge |

**PLAINTIFF'S MOTION TO SEAL**

Plaintiff ROBLOX CORPORATION respectfully submits this application to file under seal the following documents until the hearing on Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1)    Plaintiff's Schedule A attached to the Complaint, which identifies and includes a list of Defendants' online marketplace websites (the "Defendant Internet Stores") and the usernames for the Defendant Internet Stores;

(2)    Screenshot printouts showing the active Defendant Internet Stores (Exhibit 2 to the Declaration of Christian Bayley); and

(3)    Results from Panoramic Consulting Ltd.'s investigation of all Defendant Internet Stores' seller names, URLs, addresses, and phone numbers (Exhibit 1 to the Declaration of Yingchun Hou).

Plaintiff is provisionally filing the documents unredacted under seal pending the Court's determination of this motion.

1

In this action, Plaintiff is requesting *ex parte* relief based on claims for trademark counterfeiting. Sealing the requested documents is necessary to prevent the Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying lawsuit and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal this document.

Therefore, Plaintiff respectfully requests that the Court grants Plaintiff leave to file its Schedule A attached to the Complaint, Exhibit 2 to the Declaration of Christian Bayley, and Exhibit 1 to the Declaration of Yingchun Hou under seal. *See, e.g.*, *WowWee Grp. Ltd. v. Meirly*, No. 1:18-cv-00706 (S.D.N.Y. Feb. 5, 2018), Dkt. No. 7 (granting application to seal); *Allstar Mktg. v._GB Housewear Store*, No. 1:17-cv-07596 (S.D.N.Y. Oct. 12, 2017), Dkt. No. 22 (same); *Spin Master Ltd. v. Alan Yuan's Store*, No. 1:17-cv-07422 (S.D.N.Y. Oct. 13, 2017), Dkt. No. 19 (same); *Kipling Apparel Corp. v. Rhys*, No. 1:16-cv-990 (S.D.N.Y. Feb. 17, 2016), Dkt. No. 14 (same).

Dated:      June 18, 2026                Respectfully,

*/s/ Christopher Tom*
Christopher Tom
Boies Schiller Flexner LLP
55 Hudson Yards
New York, NY 10001
(212) 446-2300
ctom@bsfllp.com

*Counsel for Plaintiff ROBLOX CORPORATION*

2