**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBLOX CORPORATION,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

Defendants.

Case No. 1:26-cv-05185-DEH

**AGREED MOTION FOR ENTRY OF A CONSENT JUDGMENT AS TO DEFENDANT NUMBER 82**

This action having been commenced by Plaintiff ROBLOX CORPORATION ("ROBLOX") against Defendant Aiden MO (Defendant No. 82) ("Defendant"), Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including New York. Specifically, Defendant targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including New York, accept payment in U.S. dollars, and has sold products using infringing and counterfeit versions of the ROBLOX Trademark (the "Unauthorized ROBLOX Products") to residents of New York. The ROBLOX Trademark is as follows:

| U.S. TM Reg. No. | Trademark |
| --- | --- |
| 6,200,694 | ROBLOX |

THIS COURT FURTHER FINDS that Defendant is liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that:

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with Defendant be permanently enjoined and restrained from:

a. using the ROBLOX Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ROBLOX product or not authorized by Plaintiff to be sold in connection with the ROBLOX Trademark;

b. using, reproducing, displaying, or making commercial use of the ROBLOX Trademark in any manner without the express authorization of Plaintiff;

c. passing off, inducing, or enabling others to sell or pass off any product as a genuine ROBLOX product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and/or approved by Plaintiff for sale under the ROBLOX Trademark;

d. committing any acts calculated to cause consumers to believe that Defendant's Unauthorized ROBLOX Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the ROBLOX Trademark and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the ROBLOX Trademark, or any reproductions, counterfeit copies or colorable imitations thereof.

2. The parties have agreed to an amount to be paid by Defendant to settle all claims, as memorialized in the parties' settlement agreement (the "Damages Amount"). Defendant has elected to pay the Damages Amount from funds currently frozen in its Walmart.com accounts. 3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's accounts to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of the Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's Walmart.com store and financial accounts pursuant to the Temporary Restraining and Preliminary Injunction Orders [Dkts. 18 and 35].

5. This case is dismissed with leave to reinstate within one hundred and eighty (180) days, at such time, absent a motion to reinstate, shall automatically convert to a dismissal with prejudice.

6. Each party shall bear its own attorney's fees and costs.

The Clerk of Court is respectfully requested to terminate Defendant Aiden MO (82) from this matter.

IT IS SO ORDERED.

DATED: September 4, 2026
New York, New York

Hon. Dale E. Ho
United States District Judge